**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Sean Russell FOSTER, Defendant—
Appellant.**

No. 07–30065.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 28, 2007.

Filed Oct. 17, 2007.

---

* The Honorable Stephen G. Larson, United States District Judge for the Central District of California, sitting by designation.

---

Anna S. Peckham, Esq., Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

David F. Ness, Esq., Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: B. FLETCHER and GOULD, Circuit Judges, and LARSON *, District Judge.

MEMORANDUM **

Sean Russell Foster appeals the district court's denial of his motion to suppress.[1]

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts and procedural history of this case, we

We have jurisdiction pursuant to 28 U.S.C. § 1291.[2]

On August 9, 2004, a Montana state court issued a permanent restraining order against Foster after he assaulted his wife. Foster was present at the hearing and received the restraining order which explicitly prohibited Foster from possessing a firearm. On March 9, 2005, Foster purchased a .357 magnum caliber revolver after indicating on Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") Form 4473 that he was not "subject to a court order restraining [him] from harassing, stalking or threatening ... an intimate partner." Foster took possession of the firearm on March 15, 2005.

As a result of Foster's firearm purchase, ATF special agent Gregory D. Ruehle ("Agent Ruehle") received National Instant Criminal Background Check System documents regarding Foster and his possession of a firearm. Agent Ruehle contacted Foster to ascertain whether Foster was unlawfully in possession of a firearm and, if so, to instruct Foster how to dispose of it. After Foster confirmed that he was subject to a restraining order and in possession of a firearm, Agent Ruehle submitted Foster's case to the United States Attorney's Office. On February 6, 2007, Foster pled guilty to possession of a firearm by a person subject to a restraining order in violation of 18 U.S.C. § 922(g)(8).

Foster argues that the district court erroneously denied his motion to suppress his incriminating statements because

Agent Ruehle, in violation of the Fifth Amendment, coerced Foster into involuntarily confessing to possession of a firearm by deceitfully misrepresenting the criminal nature of his investigation.[3] A confession is involuntary under the Fifth Amendment when, under the totality of the circumstances, "the government obtained the statement by physical or psychological coercion or by improper inducement so that the suspect's will was overborne." *Amaya–Ruiz v. Stewart,* 121 F.3d 486, 494 (9th Cir.1997) (citation and internal quotation marks omitted). Statements designed to elicit cooperation are not, in and of themselves, coercive. *United States v. Leon Guerrero,* 847 F.2d 1363, 1366 (9th Cir.1988).

Agent Ruehle first contacted Foster by sending a letter that contained two indications of the potential criminal nature of Foster's possession of a firearm. The letter requested that Foster contact the ATF and included no promises that Foster's unlawful possession would not be prosecuted. Foster returned a form to the ATF, which Agent Ruehle had enclosed in his initial letter, acknowledging his unlawful possession of a firearm. Foster also called Agent Ruehle in response to the letter, and in the phone conversation Agent Ruehle made no promises to Foster that he would not be prosecuted. Finally, Agent Ruehle conducted an in-person interview of Foster during which Agent Ruehle made no promises of non-prosecution. Throughout Agent Ruehle's contact

do not restate them here except as necessary to explain our disposition.

2. We review the district court's motion to suppress de novo. *United States v. Howard,* 447 F.3d 1257, 1262 n. 4 (9th Cir.2006). We review the district court's factual findings underlying the denial of the motion for clear error. *United States v. Bynum,* 362 F.3d 574, 578 (9th Cir.2004).

3. This case does not involve the prophylactic warnings of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), because none of Agent Ruehle's conversations with Foster occurred in the context of a custodial interrogation.

with Foster, Agent Ruehle believed that Foster would not be prosecuted for his unlawful possession but never expressed this belief to Foster nor promised Foster that he would not be prosecuted. Under the totality of the circumstances, Agent Ruehle did not engage in unlawful deception in violation of Foster's Fifth Amendment privilege against self-incrimination. The district court did not commit error by denying Foster's motion to suppress.

**AFFIRMED.**